## SUPREME COURT—IN BANCO. ·

### APRIL TERM—1876.

*Harris and Judd, J. J.*

EMMA KALELEONALANI *vs.* HOOPIOPIO, ET ALS.

WHERE the defendants in ejectment claimed title under a lease signed by three individuals as trustees for forty persons not mentioned by name, they can only be charged with three services and copies.

In considering this case, it is to be observed that the lease from Hikoni to the several defendants, which has been put on file, only professes to lease the land to three persons, Hoopiopio, Kaelemakule, and Upapa. They are, or were to be, a committee, or trustees for forty persons not mentioned by name. By the bill of costs there appear to have been forty services. Some of the people served were not only not on the land, but not on the Island of Kauai, and we are not advised on what principle any were served who were not mentioned in the lease. The forty are not mentioned by name, and, for aught that is made to appear to the Court, did not make themselves privy in any manner to the contract, which merely recites that the three persons mentioned in it as parties of the second part, are a committee for forty persons.

The parties who did not hold themselves out as parties to the transaction should not have costs to accumulate against them ; and the three real respondents should not have costs accumulated against them capriciously, even if they had all made themselves parties to the contract with Hikoni, and even if in pursuance of that contract, had entered upon the

land, it would have been unnecessary to have served them all and it would have been unjust to have caused them such an unnecessary expense. The 1105th section of the Civil Code moreover provides that in cases of this nature, "service of process upon one of several defendants at law, shall be legal service upon all for the purposes of appearance in Court, and judgment may be entered against all such co-defendants thereon." So that if the plaintiff proceeded upon the idea that the lease was unauthorized, and she wanted to have it so declared, she had but three services to make and, by the authority of the aforesaid statute, was not under the necessity of making more than one service.

But if the plaintiff disregarded the lease and concluded to proceed against those in actual possession, she has proved possession only as against six, and by the 1129th Section, it would be sufficient to serve on those in actual possession, and if no one be in actual possession at the time, service could be made by posting a copy of the process and notice to the party claiming adversely in some conspicuous place on the premises, etc.

Thus it was not necessary under any circumstances, to make so many services.

We therefore adjudge, that the defendants be charged with only three services and copies.

A. S. Hartwell for plaintiff.

E. Preston and J. Koii Unauna for defendants.

Honolulu, May 1st, 1876.